KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Jordan, | No. CV 08-856-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants LaPoint and Maddineni to answer Count I of the Complaint and will dismiss the remaining claim and Defendant without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

Plaintiff names the following Defendants in the Complaint: (1) Maricopa County Sheriff Joseph Arpaio; (2) Health Administrator Wonda LaPoint; and (3) Dr. Maddineni, psychiatrist. Plaintiff raises two grounds for relief in the Complaint: (1) Plaintiff's Eighth Amendment rights are violated because Defendants have refused to provide him with needed psychiatric medication; and (2) Plaintiff's First Amendment rights are violated by Defendant Arpaio's mail policy that only allows inmates to receive postcards. Plaintiff seeks injunctive relief and money damages. Count I adequately states a claim. The Court will require Defendants LaPoint and Maddineni to answer Count I.

## IV.    Failure to State a Claim

### A.     Failure to Link Defendant Arpaio to Count I

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated

1  Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658; Hamilton
2  v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
3  1989).

4     In Count I, Plaintiff does not allege that Defendant Arpaio personally participated in
5  denying Plaintiff psychiatric care, that Defendant Arpaio was aware of a widespread denial
6  of care and failed to act, or that Defendant Arpaio formed policies which resulted in
7  Plaintiff's injuries. Accordingly, Plaintiff has failed to state a claim against Defendant
8  Arpaio in Count I.

9     **B.   Count II**

10     Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff,
11  52 F.3d 264, 265 (9th Cir. 1995) (*per curiam*) (citing Thornburgh v. Abbott, 490 U.S. 401,
12  407 (1989)). A prison may adopt regulations which impinge on an inmate's constitutional
13  rights if those regulations are "reasonably related to legitimate penological interests." Turner
14  v. Safley, 482 U.S. 78, 89 (1987).

15     "[T]he addressee as well as the sender of direct personal correspondence derives from
16  the First and Fourteenth Amendments a protection against unjustified governmental
17  interference with the intended communications." Procunier v. Martinez, 416 U.S. 396, 408-9
18  (1973). Interference with prisoner mail must "be reasonably related to legitimate penological
19  interests." Thornburgh, 490 U.S. at 404. Also, Prison officials do not need to show that
20  there is no less-restrictive mail policy that could serve the same penological interests. See
21  Id. at 412 (1989).

22     "Prevention of criminal activity and the maintenance of prison security are legitimate
23  penological interests which justify the regulation of both incoming and outgoing prisoner
24  mail." O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir.1996); see, *e.g.*, Witherow v.
25  Paff, 52 F.3d 264, 265 (9th Cir. 1995) (*per curiam*) (noting that security, order, and
26  rehabilitation are legitimate penological interests which justify the inspection of outgoing
27  prisoner mail).

28     In Count II, Plaintiff alleges that the Jail policy of only allowing him to receive

TERMPSREF

- 3 -

1  postcards limits his ability to receive information from treatment programs and halfway
2  houses. Plaintiff fails, however, to allege that the policy does not serve a legitimate
3  penological interest. Accordingly, Plaintiff's allegations fail to state a claim and Count II
4  will be dismissed.

5  **V.    Warnings**

6      **A.    Release**

7  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
8  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
9  the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
10 in dismissal of this action.

11     **B.    Address Changes**

12 Plaintiff must file and serve a notice of a change of address in accordance with Rule
13 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
14 relief with a notice of change of address. Failure to comply may result in dismissal of this
15 action.

16     **C.    Copies**

17 Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
18 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
19 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
20 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
21 may result in the filing being stricken without further notice to Plaintiff.

22     **D.    Possible Dismissal**

23 If Plaintiff fails to timely comply with every provision of this Order, including these
24 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
25 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
26 comply with any order of the Court).

27 **IT IS ORDERED:**

28     (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

- 4 -

1      (2)     As required by the accompanying Order to the appropriate government agency,
2 Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

3      (3)     Count II and Defendant Arpaio are **dismissed** without prejudice.

4      (4)     Defendants LaPoint and Maddineni must answer Count I.

5      (5)     The Clerk of Court must send Plaintiff a service packet including the
6 Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
7 Defendants LaPoint and Maddineni.

8      (6)     Plaintiff must complete and return the service packet to the Clerk of Court
9 within 20 days of the date of filing of this Order. The United States Marshal will not provide
10 service of process if Plaintiff fails to comply with this Order.

11      (7)     If Plaintiff does not either obtain a waiver of service of the summons or
12 complete service of the Summons and Complaint on a Defendant within 120 days of the
13 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
14 action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
15 16.2(b)(2)(B)(I).

16      (8)     The United States Marshal must retain the Summons, a copy of the Complaint,
17 and a copy of this Order for future use.

18      (9)     The United States Marshal must notify Defendants of the commencement of
19 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
20 Rules of Civil Procedure . The notice to Defendants must include a copy of this Order. The
21 Marshal must immediately file requests for waivers that were returned as undeliverable and
22 waivers of service of the summons. If a waiver of service of summons is not returned by a
23 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
24 Marshal must:

25      (a)     personally serve copies of the Summons, Complaint, and this Order upon
26 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

27      (b)     within 10 days after personal service is effected, file the return of service
28 for Defendant, along with evidence of the attempt to secure a waiver of service of the

1  summons and of the costs subsequently incurred in effecting service upon Defendant.
2  The costs of service must be enumerated on the return of service form (USM-285) and
3  must include the costs incurred by the Marshal for photocopying additional copies of
4  the Summons, Complaint, or this Order and for preparing new process receipt and
5  return forms (USM-285), if required. Costs of service will be taxed against the
6  personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
7  Procedure, unless otherwise ordered by the Court.

8  (10)  **A Defendant who agrees to waive service of the Summons and Complaint**
9  **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

10 (11)  Defendants LaPoint and Maddineni must answer the Complaint or otherwise
11 respond by appropriate motion within the time provided by the applicable provisions of Rule
12 12(a) of the Federal Rules of Civil Procedure.

13 (12)  Any answer or response must state the specific Defendant by name on whose
14 behalf it is filed. The Court may strike any answer, response, or other motion or paper that
15 does not identify the specific Defendant by name on whose behalf it is filed.

16 (13)  This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules
17 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

18 DATED this 30th day of May, 2008.

_____
David G. Campbell
United States District Judge