SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Cedric Jordan, ) | No. CV 08-0856-PHX-DGC (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Joseph M. Arpaio, et al., ) |  |
| Defendants. ) |  |

Plaintiff Cedric Jordan, who is confined at the Arizona State Prison Complex-Tucson, filed this civil rights action against various officials of the Maricopa County Jail. Defendants move to dismiss on the ground that Plaintiff did not exhaust administrative remedies before filing this lawsuit.[1] (Doc. #8.) The motion is ready for ruling. (Doc. ##10, 15.) The Court will grant the motion and terminate the case.

**I.     Background**

In his Complaint, Plaintiff alleged that his constitutional rights were violated because Defendants refused to provide him with needed psychiatric medication. The Court ordered

---

[1] Plaintiff filed his response several days after the motion was filed. Thereafter, the Court sent Plaintiff a Notice pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), advising him of his obligation to respond and giving him additional time to respond. (Doc. #11.) Plaintiff filed no additional response.

Defendants LaPoint and Maddineni to answer Count I and dismissed the remaining count and Defendant. (Doc. #4.)

## II.     Motion to Dismiss for Failure to Exhaust

### A.     Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, courts have broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (citation omitted).

### B.     Parties' Contentions

Defendants assert that Plaintiff did not properly exhaust his administrative remedies. In support, Defendant submits the affidavit of Susan Fisher, a Sergeant assigned to the Inmate Hearing Unit. (Id., Ex. 1 Fisher Aff. ¶ 1.) Fisher attests that her duties include receipt, processing, tracking, and storage of inmate grievances. (Id. ¶ 2.) The grievance procedure at the jail is a three-tiered system that includes: (1) the initial grievance and decision by a Bureau Hearing Officer; (2) the Institutional appeal; and (3) the External appeal. (Id. ¶ 5; Ex. A, Attach. 1, Inmate Grievance Procedure, Policy DJ-3.) Fisher asserts that the jail's grievance policy does not restrict the type of issues that an inmate may grieve and that inmates are informed of the grievance procedure when they receive the "MCSO

Rules and Regulations for Inmates." (Id. ¶¶ 4-5.) She further attests that according to the Sheriff's Office records, Plaintiff filed a grievance regarding his psychiatric medication and signed the External Grievance Appeal Form acknowledging its resolution on June 23, 2008. (Id. ¶8.) Also attached to the motion are Inmate Grievance forms #08-05718 (id., Ex. B), Response by the External Referee (id., Ex. C), and Plaintiff's Inmate Grievance Forms (id., Ex. D.)

Plaintiff asserts that he did, in fact, exhaust his administrative remedies. (Doc. #10.) He makes no argument, but he attaches numerous grievance documents. His Inmate Institutional Grievance Appeal Form is dated May 13, 2008 ( id., Ex. A); his Inmate External Grievance Appeal Form is dated May 16, 2008 (id.); and the acknowledgment of receipt of the response from the external referee is dated June 23, 2008 (id.).

In their reply, Defendants argue that the record shows that Plaintiff did not file his Institutional Grievance until eight days *after* he filed this lawsuit and note that the External Grievance appeal and response were filed even later. Thus, they argue that Plaintiff did not properly exhaust his remedies because he did not exhaust them before bringing his case. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

**C.    Analysis**

The Court will grant the motion. Defendants have met their burden to show that there is a grievance procedure available and that Plaintiff failed to properly exhaust his remedies. The PLRA mandates that an inmate exhaust his remedies *before* filing a lawsuit; exhausting remedies during the course of the lawsuit does not comply with the requirement. Id. at 1120-21. The statute itself states that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted." 42 U.S.C. § 1997e(a). In addition, requiring dismissal where the inmate fails to exhaust before filing provides a strong incentive that will promote the Congressional objectives behind the exhaustion requirement—affording officials time and opportunity to address complaints internally, filtering out frivolous claims, and development of an administrative record. McKinney, 311 F.3d at 1200-01; see also Holcomb v. Fleeman, 2007 WL 3231588, at *2 (E.D. Cal. 2007) (inmate's concession that he did not

obtain a Director's level decision until after the lawsuit was filed "is fatal to his action") (citing Woodford, 126 S. Ct. at 2383; McKinney, 311 F.3d at 1199-1201), adopting report and recommendation, 2008 WL 162775.

Plaintiff's Complaint is dated May 1, 2008 and was filed by the Clerk of Court on May 5. (Doc. #1.) The record shows that Plaintiff had not completed the exhaustion process at the time he filed his Complaint; he did not file his Grievance Appeal or External Appeals until mid May. Because he failed to exhaust his remedies before filing his lawsuit, the Court will grant the motion and dismiss the claim without prejudice.

**IT IS ORDERED**:

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. #8) and Plaintiff's Motion for Status (Doc. #21).

(2) Defendants' Motion to Dismiss (Doc. #8) is **granted**, and the claims are dismissed without prejudice.

(3) Plaintiff's Motion for Status (Doc. #21) is **granted** insofar as this Order advises him of the status of his case.

(4) This case is dismissed without prejudice, and the Clerk of Court must enter judgment accordingly.

DATED this 17th day of February, 2009.

_____
David G. Campbell
United States District Judge